IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | |
| DOUGLAS E. HEFENFINGER and | * | |
| DONNA HEFENFINGER | * | CHAPTER 13 |
|     Debtors | * | |
| | * | Case No. 1-05-bk-00278 |
| AgCHOICE FARM CREDIT, ACA | * | |
|     Movant | * | |
| | * | |
| v. | * | RELIEF FROM AUTOMATIC STAY |
| | * | |
| DOUGLAS E. HEFENFINGER and | * | |
| DONNA HEFENFINGER | * | |
|     Respondents | * | |
| | * | |

**OPINION**

This matter comes before the Court on the Motion of AgChoice Farm Credit, ACA ("AgChoice") for relief from the automatic stay under 11 U.S.C. § 362(d). A hearing was held on the Motion on March 16, 2005 at which time testimony was offered on the amount of AgChoice's claim and the value of the real estate securing the claim. For the reasons set forth below, AgChoice's motion is denied subject to Debtors' compliance with the terms of the Order issued in connection with this Opinion.[1]

Procedural and Factual History

Debtors' residence, located at 200 Linton Hill Road, Wheatfield Township, Perry County, Pennsylvania, is subject to a first mortgage in favor of AgChoice, which secures an obligation in the amount of $110,089.24. In 2000, Debtors defaulted on the mortgage, after which AgChoice commenced foreclosure proceedings in state court. The proceedings were stayed when Debtors

---

[1] I have jurisdiction to hear this matter pursuant to 28 U.S.C. §§157 and 1334. This matter is core pursuant to 28 U.S.C. §157(b)(2)(A),(G) and (O). This Opinion constitutes the findings of fact and conclusions of law made under Fed. R. Bankr. P. 7052.

filed a Chapter 13 petition on April 7, 2000. After Debtors failed to make all post-petition payments due, AgChoice filed a motion for relief from the stay, which was granted by the Court on February 12, 2001. AgChoice did not immediately pursue relief in state court, agreeing not to take further action to obtain possession of the property if Debtors made payments pursuant to the plan. In 2004, after Debtors' payments became erratic, AgChoice resumed the foreclosure action, and a sheriff's sale was scheduled for January 21, 2005. Debtors filed the current case on January 19, 2005 to stop AgChoice's foreclosure action. The current case was filed before Debtors 2000 case was dismissed. Since the filing of the petition in January, Debtors have made regular monthly mortgage payments to AgChoice for February and March 2005.

At the hearing on March 16, each party presented the testimony of a certified residential appraiser to establish the current value of the Debtors' property.[2] Both appraisers testified that the real estate market in Perry County is favorable and that property values generally are increasing. Both appraisers arrived at their respective opinions using both the comparable sales and cost approach. Debtors presented the testimony of Marilyn Karolczak ("Karolczak"), who testified that the value of the Debtors' home was $159,900. AgChoice presented the testimony of Patrick McCarthy ("McCarthy"), who testified that the value of the property was $119,000. Karolczak's appraisal was performed in July 2003 and updated with recent sales of similar

---

[2]AgChoice informed the Court that it was pursuing relief on the basis that it's interest was not adequately protected. It did not assert that Debtors had no equity in the property and that the property was not necessary for an effective reorganization as provided in 11 U.S.C. § 362(d)(2). The property is subject to a second mortgage in favor of Northwest Consumer Discount Company, but no evidence was provided as to the amount of that claim other than the comment by Debtors' counsel that he was seeking to modify the second mortgage in a separate proceeding.

2

properties.[3] McCarthy's appraisal was prepared in March 2005. He classified the condition of the property as "average" primarily because of evidence of deferred maintenance. In particular, he noted that there was standing water in the basement due to seepage and evidence that the roof had leaked. One bedroom was not finished, and the outbuildings were in disrepair. In her testimony, Karolczak stated that she selected her comparables primarily based upon location and then adjusted the values for differences in square footage between the subject and the comparables. The homes selected as comparables by McCarthy were more similar in square footage but were located between seven to fourteen miles from the subject. All of McCarthy's comparable properties were located in more rural areas, distant from major highways. Karolczak estimated the value of the property by the cost approach at $151,718, while McCarthy set the value through this approach at $119,854. The valuations under the cost approach differed primarily because of adjustments for depreciation. McCarthy's adjustment for depreciation was almost $65,000 more than Karolczak's adjustment. McCarthy explained that depreciation is calculated based upon the effective age of the property as reported on the appraisal. Karolczak set the effective age at 25 years, and McCarthy set the effective age at 35 years. Therefore, when employing the cost approach, McCarthy assessed the property as being ten years older than did Karolczak.

     McCarthy's appraisal was significantly lower than Karolczak's primarily because he chose properties with square footage similar to the subject and made more adjustments due to the condition of the property at the time of inspection. Karolczak, who had not seen the interior of the property in almost two years, relied more on the condition of the property at the time of her

---

[3]Karolczak appraised the property at $155,000 in 2003.

Case 1:05-bk-00278-MDF    Doc 26    Filed 05/20/05    Entered 05/23/05 12:38:25    Desc
Main Document    Page 3 of 6

appraisal as well as the proximity of the subject to the comparable properties she selected.

Discussion

A motion for relief from stay may be granted "(1) for cause, including the lack of adequate protection" or "(2) if the debtor does not have equity in such property and [it] is not necessary for an effective reorganization." 11 U.S.C. § 362(d). AgChoice asserted that it has cause for relief from the stay because its interests are inadequately protected due to the repeated failure of Debtors to make payments under the prior Chapter 13 plan and the minimal value of the property securing the loan. Under subsection (d)(1), a movant bears the burden of making an initial showing of cause. *In re Telegroup, Inc.*, 237 B.R. 87, 91 (Bankr. D. N.J. 1999); *In re Holly's, Inc.,* 140 B.R. 643 (Bankr. W.D. Mich. 1992). A debtor bears the burden of proving that the movant's interest is adequately protected such that relief is unnecessary. *See,* 11 U.S.C. §362(g)(2). Adequate protection may be provided in several ways. A debtor may make cash payments or provide an additional lien to compensate the creditor for the decline in the value of the collateral. 11 U.S.C. § 361. Adequate protection also can be provided in the form of an "equity cushion" created by the value of a property over and above the amount of the lien against it. "Although the existence of an equity cushion as a method of adequate protection is not specifically mentioned in §361, it is the classic form of protection for a secured debt justifying the restraint of lien enforcement by a bankruptcy court." *In re WRB West Associates Joint Venture,* 106 B.R. 215, 219 - 220 (Bankr. D. Mont. 1989) (citing *In re Curtis,* 9 B.R. 110, 112 (Bankr. E.D. Pa. 1981)).

Valuation for the purpose of determining adequate protection under Section 361 may fixed as of the date the motion is filed. *In re Abruzzo*, 249 B.R. 78, 81 (Bankr. E.D. Pa 2000).

4

Therefore, I must determine the value of the property as of February 2005. Debtors value the property at $159,900, which would provide a significant equity cushion for AgChoice's loan of $110,089.24. AgChoice disputes Debtors' value and asserts that the property is only worth $119,000 due to its poor condition.

Valuation of real property is not an exact science. See *In re Windfelder*, 82 B.R. 367, 371 (Bankr. E.D. Pa. 1988). Establishing the values of a debtor's assets "has inherent vagaries." *In re Brown*, 289 B.R. 235, 238 (Bankr. M.D. Fla. 2003) (quoting *First Am. Bank of Va. v. Monica Road Assocs. (In re Monica Road Assocs.)*, 147 B.R. 385, 389 (Bankr. E.D. Va. 1992)). In determining values, a court may consider appraisals, but is not bound by them. *In re Richards*, 1999 WL 14680, *7 (Bankr. E.D. Pa. 1999). A court is not required to select one appraisal in its entirety, but may determine which aspects of each report are most useful in assigning values. *In re Brown*, 289 B.R. at 238.

Debtors' appraiser has not seen the property since 2003 when many of the problems identified by AgChoice's appraiser were viewed. Therefore, I find that the value established by McCarthy is entitled to greater weight because it is based upon a more recent review of the condition of the property. However, Karolczak's assertion that location is a significant factor in determining the value of residential real estate also is important. McCarthy's comparables were more similar in terms of the style and size of the buildings, but Karolczak's comparables were located in greater proximity to Debtors' residence. Considering all of the evidence presented by the parties I find that the value of the property to be $130,000.

Establishing the value of the property, however, does not resolve the motion. I must determine whether AgChoice's interest in the Debtors' residence is being adequately protected.

5

AgChoice currently has an equity cushion of $20,000, which is significant considering the amount of its claim. Therefore, I find that AgChoice's interest in the property currently is adequately protected and relief from the stay is not appropriate. But Debtors' failure to make payments under the terms of their prior Chapter 13 plan also should be considered in formulating appropriate relief. Therefore, while declining to grant relief from the stay at this juncture, the Order which accompanies this Opinion will enable AgChoice to obtain expedited relief in the event of future defaults in payments to the Chapter 13 trustee or to AgChoice.

BY THE COURT,

*Mary D. France*
Bankruptcy Judge

Date: May 20, 2005

*This electronic opinion is signed and filed on the same date.*